STATE OF MAINE *versus* DANIEL WILLIAMS.

A juror, belonging to the town, whose book of records was alleged to have been secreted by defendant, was rightfully excluded from the panel on the trial for the offence.

The knowledge of some of the inhabitants of a town, that a book of the town's records was left with the defendant, is not a defence to the charge of subsequently secreting it.

Where one knowingly has an article, belonging to another, and being called on for it, asserts, that it is not in his possession, and denies all knowledge of it, this is competent evidence to be laid before the jury on a trial against him for secreting the article.

And even if kept openly with his own articles of the same kind, that would not necessarily determine, that it was not secreted from its owners.

EXCEPTIONS, from the District Court, HATHAWAY, J.

The defendant was indicted for secreting the treasury book of records, of the town of Amity.

As the clerk proceeded to impannel the jury for the trial, the government objected to one, who was called from said town of Amity. On being sworn, the juror answered, that he had not formed or expressed any opinion in reference to the guilt or innocence of the defendant, had talked with no one about it, and was not sensible of any bias on his mind. The Court ordered the juror to leave the panel, for the reason, that he was the juror from the town of Amity, for embezzling and secreting whose records the defendant was indicted. The defendant objected to the removal of the juror.

The instructions requested and refused to be given, appear in the opinion of the Court. The jury returned a verdict of guilty upon two counts in the indictment.

*T. J. D. Fuller,* for defendant.

*The Attorney General,* for the State.

The opinion of a majority of the Court, .(WELLS, J. not concurring,) was drawn up by

SHEPLEY, C. J. — The defendant was convicted on an indictment founded upon the statute, chap. 162, § 13, which,

among others, contains a provision, that if any person shall wilfully and maliciously secrete any goods and chattels or valuable papers of another, he shall be punished by fine or imprisonment.

Whether the testimony was, or not sufficient to authorize a conviction, is not presented, and cannot be examined on a bill of exceptions taken to the proceedings in the District Court.

The first question presented has reference to the manner, in which the jurors were impanneled. The attorney for the State having made an objection to one of the jurors, he was examined upon oath, and by his answers he appeared " to stand indifferent in the cause." The case states, that the " Court then ordered the juror to leave the panel on the ground that he was the juror from the town of Amity."

The Court is authorized by stat. c. 115, § 65, on motion of either party, to examine a juror on oath, and if it shall appear from his answers or other competent evidence introduced by the party objecting, that he does not stand indifferent in the cause, he may be set aside. This provision appears to have been designed to secure to a party by his own motion a trial by impartial jurors. Not to deprive the Court of a right to set aside a juror, when it had from any document or other competent testimony ascertained, that he was not, or could not be expected to be impartial.

By the same statute, § 59, jurors may by the Court be transferred from one jury to the other, and for good reason a juror may be excused from further attendance, or for any particular time. The design appears to have been to give the Court such power, as might secure to all parties an impartial trial in the most convenient manner for the despatch of business, and for the comfort of the jurors. The right of the Court to set aside a juror in a civil suit for the purpose of having an unobjectionable jury was declared in the case of *Ware* v. *Ware*, 8 Greenl. 42. It is provided by statute, chap. 172, § 31, that the same challenges of jurors shall be allowed in criminal as in civil causes. And the powers conferred

upon the Court by statute are the same in each class of causes.

The Court below was informed in this case by the return of the venire, that the juror was an inhabitant of the town of Amity, whose books of records were alleged to have been secreted by the defendant. The statute creating the offence provides, that the person shall be liable to the party injured in a sum equal to three times the value of the property destroyed or injured. The fact, that the juror as an inhabitant of that town might be interested, was doubtless the occasion of his being set aside. The defendant was not thereby deprived of a trial by impartial jurors, and does not appear to have been in any manner aggrieved by it.

The next question arises out of the instructions requested and refused. These contain several distinct positions.

One is, that the defendant would not be guilty, if any of the principal inhabitants of the town knew, that the book of records was left with him. The old book of the town treasurer's records, to which the request refers, appears to have been left with the defendant in the spring of the year 1846, and to have been obtained from him by virtue of a search warrant, in the month of December, 1848. Many inhabitants might have known, that it was thus left, without knowing, that it had remained there till the last part of the year 1848. There is nothing necessarily inconsistent between their knowledge and the guilt of the defendant.

Another position is, that if the defendant did no act to conceal the book, other than to deny that it was in his possession, and that he had any knowledge of it, he would not be guilty. This position cannot be sustained. By such denials the defendant might have pursued the most successful course to prevent the owners from obtaining it. It might operate as a most effectual secretion of it.

Another request refused, was, " that if the book, being left in his custody, was not designedly concealed or placed away with a design to conceal it, but was kept openly with his own books and papers, and he did no more than simply to refuse

to deliver it when demanded, and refused to give information, where it was, this would in law constitute no offence within the spirit and meaning of the statute."

This request combines several portions of the testimony, and omits an important fact or piece of testimony, noticed in the other request, that he denied that it was in his possession.

The Court is never obliged to instruct a jury upon the effect of selected portions of the testimony. The Court, however, did incorporate into the instructions given, the essential portions of these requested instructions. The jury were instructed, that the mere withholding or refusing to deliver the books to the town or its officers, or a simple refusal to give information concerning them, would not render the defendant liable. The defendant cannot have been aggrieved by the refusal to comply with so much of the request as alleges, "if it was not designedly concealed or placed away with a design to conceal it," for the jury were instructed, "that the offence consisted in the wilful and malicious secreting of the property from its owners." If it was kept openly with his own private books and papers, that would not necessarily determine, that it was not secreted from its owners.

Complaint is also made of that clause of the instructions given, which declares, "that if it was known to three or four others, then living in the town, that the book had been left there, or that some of them had seen it there, that would not excuse him."

The effect of a knowledge by others that the book had been left there, has been already noticed. The fact, that persons had seen it there, could not prevent the defendant from secreting it from the knowledge of the owners. It has probably often happened, that articles have been seen in the possession of one, who has afterwards effectually secreted them.

*Exceptions overruled, and case remanded.*