WILLIAM G. RUSSELL *vs.* JOHN QUINN.

An objection to the competency of a juror will not avail after verdict, without proof that the objection was unknown to the party making it and to his attorney till after the juror was sworn.

CONTRACT. After trial and a verdict rendered for the defendant in the Superior Court, the plaintiff made a motion for a new trial, upon the ground that one of the jurors rendering the verdict had been convicted of a scandalous crime.

There was no allegation in the motion, and no testimony was offered to show, that the plaintiff and his attorney did not know of the objection before the juror was called and sworn. The plaintiff proved that the juror had been convicted some years before in the Municipal Court of Boston, upon his plea of guilty, of being an idle and disorderly person, and had been fined one cent. The court ruled that the offence alleged was not a scandalous crime within the meaning of the Gen. Sts. *c.* 132, § 9, and that it was not ground for a new trial, and overruled the motion of the plaintiff. To this ruling the plaintiff alleged exceptions.

*C. F. Donnelly*, for the plaintiff.

*T. Riley*, for the defendant.

BY THE COURT. An objection to the competency of a juror, not proved to have been unknown to the party and his attorney before the juror was sworn, cannot be taken after verdict. *Hallock* v. *Franklin*, 2 Met. 558. *Kent* v. *Charlestown*, 2 Gray, 281.

*Exceptions overruled.*