STATE *vs.* GEORGE BOWDEN.

York.    Opinion March 15, 1880.

*Objections to juror.*

An objection to a juror, which if seasonably made would have been valid, will not avail after verdict without proof affirmatively that the objection was unknown to the party making it or his attorney at or before the trial.

When an objection to a juryman is known to the party or his counsel when the jury is being impanneled, it must be taken then or it will be deemed waived.

MOTION TO SET ASIDE THE VERDICT because of disqualification of a juror.

An indictment for perjury. Verdict, guilty. All the material facts appear in the opinion.

*R. P. Tapley*, and *H. H. Burbank*, for the State.

*Ayer & Clifford*, for the defendant.

APPLETON, C. J.    The defendant having been indicted on the charge of perjury, on trial was found guilty.

After the verdict was rendered, a motion for a new trial was made on the ground that Joseph H. Penney, one of the jurors, by whom the cause was heard, had, prior to the trial, expressed opinions adverse to the character of the defendant, and indicative of great ill will and prejudice against him.

Assuming the evidence offered as abundantly sufficient to have required the rejection of the juror, had it been seasonably presented to the consideration of the court, the question occurs whether under the circumstances of the case as developed by the testimony, it affords any legal ground for setting aside the verdict.

The defendant was tried before a drawn jury. It appears that his counsel had handed the clerk the name of Penney to be challenged, if drawn; that after the right of challenge had been exhausted the name of Penney was drawn; that thereupon Mr. Ayer, one of the counsel in defence, stated to the presiding justice, that he did not want this man in the case;—that he had been talking about the case or had expressed an opinion; that the presiding justice replied, saying, "You may examine him; ask him any questions you wish;" that after consultation with

his associate counsel, Mr. Ayer stated to the court that he did not wish to examine him, that he might go on; that no questions were asked, and that the cause proceeded to trial with Penney as a member of the panel.

The counsel were appraised of the state of feeling of Penney, towards their client. They had ample opportunity to examine him. The court suggested that it should be done. If the juryman had answered truly, it would have been sufficient reason for excluding him from the panel. If he had answered falsely, and it had been ascertained subsequently, that he had so answered, it would have afforded ground for a new trial. The time for investigation was when the juror was sworn. Parties are not to lie by and speculate upon the chances of a verdict, and if unsuccessful, claim a new trial because a partial and prejudiced juror, and known so to be, was on the panel, when, if they had subjected him to examination or had disclosed their knowledge of existing facts, he would not have been permitted to sit on the cause. By proceeding to trial, the defendant must abide the result. *Tilton* v. *Kimball*, 52 Maine, 500; *Jameson* v. *Androscoggin R. R. Co.* 52 Maine, 412; *Fessenden* v. *Sager*, 53 Maine, 531; *State* v. *Fuller*, 34 Conn. 280; *Wassum* v. *Feeney*, 121 Mass. 93.

Before the party can claim a new trial for the causes here alleged, it must affirmatively appear that he and his counsel were ignorant of their existence, at or before the trial. Here there is no such proof. *Davis* v. *Allen*, 11 Pick. 466; *Tilton* v. *Kimball, supra; Russell* v. *Quinn*, 114 Mass. 103.

*Motion overruled.*

*Judgment on the verdict.*

WALTON, VIRGIN, PETERS and SYMONDS, JJ., concurred.