## State of Maine *vs.* Thomas Fortin.

Androscoggin.    Opinion February 4, 1910.

*Criminal Law.  Evidence.  Identity of Informer.  Trial.  Presumptions.
Intoxicating Liquors.*

1.  The defendant in a criminal case is not entitled to know who gave
information or made complaints which led to the prosecution.

2.  The fact that an officer in testifying in a criminal case stated without
objection that complaints had been made against the defendant, does not
take the case out of the rule and entitle the defendant to the names of
such complainants.

3.  That immaterial evidence is given without objection does not entitle the
opposite party to make an issue upon such immaterial evidence.

4.  The fact that complaints were made against a defendant has no pro-
bative force against him, and evidence of such complaints given without
objection does not entitle him to make an issue upon the truth of such
evidence.

5.  When immaterial or non-probative evidence has been received, if a party
fears it may prejudice him with the jury he should request an instruction
that the evidence is immaterial and should not be considered by the jury.

6.  It is to be presumed that the jury will follow the direction of the court
and reject all evidence the court instructs them is not to be considered.

7.  A grocer on trial for maintaining a liquor nuisance is not entitled to
show the amount of his weekly sales in the grocery business.  Such evi-
dence has no probative force in support of his innocence.

On exceptions by defendant.    Overruled.

The defendant was indicted for keeping and maintaining a liquor
nuisance and on trial was found guilty.    He excepted to certain
rulings of the presiding Justice during the trial.

The case is stated in the opinion.

*Frank A. Morey*, County Attorney, for the State.

*Tascus Atwood*, for defendant.

SITTING: EMERY, C. J., PEABODY, CORNISH, KING, BIRD, JJ.

EMERY, C. J.    The issue in this case was whether the defendant was guilty of maintaining a nuisance at the place named in the indictment.    At the trial "the witness for the state" testified, without objection so far as appears, that complaints had been made to him against the place named.    The defendant then asked the witness to name the complainants, but the court ruled that the witness need not answer.    It is not explicitly stated in the bill of exceptions who "the witness for the state" was, but it is a fair inference that he was an officer, and as both counsel so assumed in argument we assume the same.

It is a well settled rule that a defendant upon the trial of an indictment against him is not entitled as of right to know who gave the information or made the complaints which started the prosecution.    Such communications to officers of the law should ordinarily be regarded as privileged as to the identity of the informant or complainant on the ground of public policy, so that no one from fear of consequences to him personally shall hesitate to give information of offenses.    *State* v. *Soper*, 16 Maine, 293; *U. S.* v. *Moses*, 4 Wash. C. C. 726; *Worthington* v. *Scribner*, 109 Mass. 487; *People* v. *Laird*, 102 Mich. 135; Wigmore on Ev. sec. 2374, and notes.

It is urged, however, that while a defendant may not himself bring out evidence of complaints and then require the names of the complainants, yet if it appears, as in this case, from the evidence for the prosecution that complaints were made, he is then entitled as of right to the names of the complainants.    We do not see any distinction in principle.    The reason of the rule, the encouraging the fearless performance of the duty of giving information, certainly includes this case.    It cannot be that the immunity of the informant is destroyed by the mere statement that information was received or complaints made.    Under such a rule no informant would be safe.

But the defendant argued that the statement that complaints had been made was prejudicial to him, and that he thereby became entitled to know the names of the complainants in order that he might con-

tradict the statement or bring out the motives for the complaints, however much the public might be injured by such a course. What might have been the right of the defendant had he objected to the testimony and his objection overruled, we have no occasion to say. The testimony appears to be entirely immaterial, of no probative force, and if objected to would doubtless have been excluded. A party is not entitled as of right to raise an issue upon immaterial statements made without objection. To acknowledge such a right would greatly prolong trials and obscure the real issue. In this case, if the defendant were entitled to know the names of the complainants for the purposes stated by him, he would be entitled to call all such persons, perhaps a dozen or more, and examine them as to the fact of their having made complaint, and as to their motives and grounds of complaint. This would give the State the right to rebut such evidence, and we should have the spectacle of a prolonged controversy over an immaterial issue which when finally determined brings the court and jury no nearer a solution of the question of the truth of the indictment. That complaints were made is no evidence of guilt; that complaints were not made is no evidence to the contrary.

If the defendant really feared he was prejudiced with the jury by the statement that complaints had been made, he had a remedy. He could have requested, and undoubtedly received, an instruction that the statement was immaterial, of no probative force, and should not be considered by the jury. It must be presumed that such an instruction would have effaced all prejudice, if any, resulting from the statement. *State* v. *Kingsbury*, 58 Maine, 238. With that remedy available, we do not think the defendant was entitled as of right to the names of the complainants. In *School District* v. *Ætna Ins. Co.*, 62 Maine, 330, a paper was received in evidence against the objection of the defendant. The defendant contended that it tended to prejudice the defense; but the court held that the evidence being really immaterial, having no bearing on the real issue in the case, the exception to its admission should not be sustained.

The defendant was a witness and desired to state the amount of his weekly sales in the grocery business it appeared he was conduct-

ing, but he was not allowed to do so. The offered evidence was clearly immaterial. It had no probative force either way. All such evidence, though exceptions to its admission may not be sustainable, should ordinarily be excluded for economy of time and clarity of issue.

The other exceptions were abandoned at the argument.

*Exceptions overruled.*