STATE OF MAINE *vs.* AUGUSTUS S. HOWARD.

Cumberland.   Opinion January 14, 1918.

*Exceptions.   How same should be drawn and what should be stated therein.   General rule as to offering evidence in regard to character and reputation.   Motion in arrest of judgment.   Defects reached by motion in arrest of judgment.   Meaning of term "record" and what is included therein.   Right of jury to separate in certain criminal cases before verdict is rendered.*

In an indictment for rape, after a verdict of guilty, upon exceptions and appeal it is,

*Held:*

1.   That evidence of statements and discussions occurring after the date when the respondent was accused and arrested for the offense, to the effect that his reputation for morality had always been good in the community where he lived and carried on business, was properly excluded as being mere hearsay.

2.   A motion in arrest of judgment can reach only intrinsic defects, apparent on the face of the record which would render the judgment erroneous, and cannot reach matters of procedure.

3.   It was not error to allow the jury to separate during the progress of the trial, as under the present statute the penalty for the offense is not imprisonment for life but any term of years.

4.   The evidence to sustain the verdict is abundant, if believed, and a careful study fails to convince the court that the jury were not warranted in believing the respondent guilty beyond a reasonable doubt.

Indictment for rape under R. S., 1916, Chap. 120, Sec. 16.   Verdict of guilty.   Respondent filed exceptions to rulings of presiding Justice relative to the matter of the admissibility of certain testimony, and to the overruling of a motion in arrest of judgment.   Respondent also filed an appeal.   Exceptions overruled.   Appeal dismissed.   Judgment for the State.

Case stated in opinion.

*C. L. Beedy, and J. H. Hone,* for State.

*William C. Eaton, and George S. Murphy,* for respondent.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

CORNISH, C. J. Indictment for rape. Verdict guilty. The case is before this court on exceptions and on appeal from the denial of a motion for a new trial by the presiding Justice.

EXCEPTIONS.

1. The first exception is to the exclusion of evidence offered by the respondent, "of statements and discussions occurring after the date when he was accused and arrested for the offense, to the effect that his reputation for morality had always been good in the community where he lived and carried on his business."

This court might well decline to entertain this exception because it is drawn in such general language as not to comply with the established rules. Not even the names of the witnesses, whose evidence was excluded, are given, nor the questions that were excluded. There is only the general statement above quoted and a reference to the entire transcript of evidence, which is made a part of the bill. This involves the examination of nearly one hundred pages of testimony in order to ascertain, if possible, the precise interrogatories that are covered by the exceptions. Clearly, this method meets neither the requirement of the statute nor of the decisions based thereon. R. S., 1916, Chap. 82, Sec. 55; *Doylestown Ag. Co.* v. *Bracket, Shaw and Lunt Co.*, 109 Maine, 301; *Salter* v. *Greenwood*, 112 Maine, 548; *Dennis* v. *Packing Co.*, 113 Maine, 159.

But waiving that technical point and passing to the merits of the exception, as the case is important, it is obvious that the evidence offered was merely hearsay and therefore inadmissible. The statements and discussion of the respondent's reputation by B., C. and D. as related by a listener A. are outside the line of admissible testimony. If B., C. and D. knew the character and reputation of the respondent for morality and chastity in the community in which he resided, it was competent for the respondent to summon and offer them as witnesses in his behalf, as he in fact summoned many others on that point. The testimony of A. who simply listened to their discussion is a step too far removed. This exception must be overruled.

2. The second exception is taken to the refusal of the presiding Justice to grant the respondent's motion in arrest of judgment.

This motion was based upon the fact that the jury were not kept together in charge of an officer but were allowed to separate at various times during the progress of the trial and before the cause was given to them at the close of the charge of the presiding Justice. Were this in fact an irregularity in procedure, it could not be reached by a motion in arrest of judgment. It is an invariable rule of criminal pleading that a motion in arrest of judgment can reach only intrinsic defects apparent on the face of the record which would render the judgment erroneous, and the term "record" as used in this connection does not include or mean the evidence in the case, often referred to colloquially as the record, but the court's record of the cause as then made up by the Clerk, or the papers filed and minuted on the docket, the full record to be made up later. It comprises the indictment, pleadings, written motions if any, verdict, etc., in the particular case under consideration. It was in this sense that the word was employed in the recent statement of the familiar principle by this court: "As a demurrer in a criminal case reaches the indictment as the same may be recorded, so a motion in arrest of judgment reaches the whole record of the cause as made up to the time of filing the motion. Each can reach only errors of record. Neither can plead facts not of record." *State* v. *Houlehan,* 109 Maine, 281, 284. Where proof of extraneous facts is required, the motion cannot be entertained. It cannot therefore reach matters of evidence, process, service or procedure.

The following are illustrative cases of its denial: Where the respondent alleged that another and different indictment for similar neglect had been found against it at the same term when the indictment under consideration was found. *State* v. *Bangor,* 38 Maine, 592; where objections were made to the manner in which the grand jurors had been drawn; *State* v. *Carver,* 49 Maine, 588; where search was alleged to have been made illegally in the dwelling house of the respondent; *State* v. *Murphy,* 72 Maine, 433; where improper evidence is alleged to have been admitted; *State* v. *Snow,* 74 Maine, 354; where the indictment alleged the same offense for which the respondent had been found guilty by a verdict of a jury in another case; *State* v. *Houlehan,* 109 Maine, 281.

The pending case falls in the same class as the above. The motion is based upon what took place at the trial, upon facts outside, not inside, the record. It therefore need not be entertained.

In *State* v. *McCormick*, 84 Maine, 566, the respondent combined a motion in arrest of judgment with a motion for new trial addressed to the presiding Justice for an error in law in permitting the jury to separate in a case then punishable by imprisonment, after they had agreed upon a verdict and before they had returned it to court. This court in effect sustained exceptions to the overruling of so much of the motion as pertained to the new trial, but such a combination is, to say the least, clumsy pleading and should not be encouraged. In any event that case is not a precedent for the pleading here.

It may be added however that the respondent has lost no rights. There was no error in permitting the jury to separate during the progress of the trial. The procedure in such cases is not regulated by statute here as it is in some other States, but so far as we know it has been the universal practice in this State in capital cases, when capital punishment existed and in felonies punishable by imprisonment for life since capital punishment has been abolished, to keep the jury together until a verdict is rendered or a disagreement is accepted. But this case does not fall within that category. This is a case of rape and while rape was formerly punishable by imprisonment for life or for any term of years,—R. S., 1883, Chap. 118, Sec. 17,—since the revision of 1903 the penalty has been simply imprisonment for any term of years. R. S., 1903, Chap. 119, Sec. 16; R. S., 1916, Chap. 120, Sec. 16. This case therefore does not fall within the accepted rule of criminal procedure above stated, and the presiding Justice did not err in allowing the jury to separate during the progress of the trial.

The case of *State* v. *McCormick*, 84 Maine, 566, relied upon by the respondent, does not apply and for two reasons. In the first place at the time of the commission of the offense in that case the penalty for rape was imprisonment for life or for any term of years. In the second place the jury was allowed to separate after agreeing upon a verdict and before it was returned to court. This was clearly irregular.

Appeal.

A careful study and analysis of the evidence fail to convince us that the jury erred in their verdict of guilty. The evidence to sustain it is abundant if believed, and the credibility of the witnesses was within the province of the jury. The charge of the presiding Justice contained full and explicit instructions as to the burden of proof and called

specific attention to the caution with which they should proceed in a charge of this character. It was as favorable to the respondent as the law and the facts permitted. After a full, fair and impartial trial the jurors who watched and heard the witnesses have declared the respondent guilty. The only question before this court on the appeal is whether the jury were warranted in believing him guilty beyond a reasonable doubt. *State* v. *Albanes*, 109 Maine, 199; *State* v. *Mulkerrin*, 112 Maine, 544. This question we must answer in the affirmative.

The entry must therefore be,

> *Exceptions overruled.*
> *Appeal dismissed.*
> *Judgment for the State.*