STATE OF MAINE
*vs.*
DANIEL A. TRASK

Kennebec.    Opinion, May 5, 1959.

*Robert A. Marden,* for plaintiff.

*John B. Canty,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SULLIVAN, J.    The respondent had been indicted as follows:

"- - - - on one Alexander Dionne feloniously did make an assault, and by putting in fear, one case containing twenty-four bottles of Schlitz beer, of the value of six dollars and ninety-five cents, of the

property of said Alexander Dionne, in his presence, feloniously did steal, take and carry away _ _ _"

During his trial the respondent twice moved for a mistrial. Each motion was denied and he excepted. Now after guilty verdict he prosecutes his exceptions.

At the noon recess the jury had been permitted to separate for lunch. At the reconvening of the court for the afternoon session there was had this colloquy:

> Respondent's Counsel: "May it please the Court, at this time the respondent would like to make a motion in the absence of the jury.
> (In the absence of the jury)

> "May it please the Court, the respondent makes a motion for a mistrial on the ground of the Court failing to instruct the jurors before the noon recess that they were to speak with no one or to put themselves in any position whereby they might overhear any conversation in relation to this pending case, and the usual instructions that they should permit no one to discuss the case with them and that if anyone persisted in discussing it with them or in their presence that they might inform the Court so necessary steps could be taken.

> Where there was no instruction to the jury of any type we therefore feel it is prejudicial to the rights of the respondent to continue on with this case."

> State's Counsel: "May it please the Court. This motion is a surprise to the State and would insist that the motion is without merit for the reason that under the general instructions given to the jury by the Court at the beginning of the term the record will disclose appropriate instructions were given to jury in this regard."

> "The Court. Do you have any evidence of any kind that any one person has spoken to any member of the jury?"

Respondent's Counsel: "No, Your Honor, I have no such evidence."

"The Court: This is a veteran jury, now starting the third week. They have all had instructions on this same point several times, and the Court denies the motion."

Respondent's Counsel: "May we have an exception?"

"The Court: Exception may be noted."
(In the presence of the jury)

"The Court: May I see counsel?
(Bench Conference)

The Court: Mr. Foreman and members of the jury, the Court would like to ask one question. Did anyone during the lunch hour attempt to talk with any member of the jury panel about this case? Will you answer audibly?
(The members of the jury answered 'No'.)"

There was no error in the ruling of the court. The court was charged with the responsibility of exercising proper discretion in furtherance of justice. *Lebel* v. *Cyr* (1943), 140 Me. 98, 102. He acted judiciously. There was no manifest wrong or injury. *State* v. *Cox* (1941), 138 Me. 151, 176.

Prior to the respondent's trial the jury which was mature in service had been admonished several times. There is no reason to doubt the sufficiency of the judicial attention. 34 A. L. R. 1115, 1152. There was no evidence of spurious conversation or of any having been attempted. *Balavich* v. *Yarnish* (1952), 149 Me. 1, 5. There was testimony negating such irregularity. Respondent has the burden of proving any abuse. *State* v. *Hume* (1951), 146 Me. 129, 134. There had been no error in permitting the jury to separate during the progress of the trial in this case. *State* v. *How-*

*ard* (1918), 117 Me. 69, 72. The exception wants merit and must be overruled.

Respondent's further exception concerns itself with the effect of an unanswered question addressed to the respondent by the State's attorney in cross-examination. The crime alleged had been described as having occurred on December 31, A. D. 1957. Respondent's birthday was February 14, A. D. 1938. We quote from the record:

"Q. Have you ever been convicted of the crime of - - a crime involving a felony, larceny or moral turpitude?

Defense Counsel: "I object. This man is not competent to tell what is moral turpitude.
State Counsel: "I will ask it a different way.

Q. Are you the same Daniel Atwood Trask who was convicted in May, 1951, (1954) in Sagadahoc County Superior Court for the crime of larceny?

Defense Counsel: "I object, Your Honor, and would like to state the reason for the objection in the absence of the jury, if I may, or at the end of the bench."

(Court recess)

(After recess)

State Counsel: "No further questions.
"The Court: The jury will disregard any reference to records of conviction."

(In chambers)

Defense Counsel: "For the purpose of the record the respondent moves for a mistrial on the ground of irreparable statements and prejudicial questioning of the county attorney relative to conviction of crime and relative to his questioning the respondent whether or not he had been convicted of any crime, a crime involving a felony, larceny or involving moral turpitude. It is the position of the respondent that questions of this nature propounded in the presence of the jury are detri-

mental and prejudicial to the respondent's rights and therefore he moves that a mistrial be granted. State Counsel: "In behalf of the State the county attorney submits that the question was propounded to the witness on the basis of a certified copy of a conviction of Daniel Atwood Trask at the May Term 1954 of the Sagadahoc County Superior Court for the crime of larceny and which certified record indicates that the said Daniel Atwood Trask was sentenced to the Men's Reformatory; the State not willing to assume that an illegal sentence was rendered by the Superior Court at that time, there now being questions raised as to this respondent and this witness' status at that time as a juvenile under the laws of the State of Maine.

"The Court: The Court denies the motion as, after a conference at the Bench, the question was not pressed and no record has been introduced and the Court has instructed the jury to disregard any reference to the question in regard to a record of conviction.

Defense Counsel: "I will take exception to the Court's ruling."

To affect his credibility it is permissible to elicit from a witness by cross-examination evidence of his record of conviction of felony, larceny or crime involving moral turpitude. R. S., 1954, c. 133, § 127; *State* v. *Knowles* (1904), 98 Me. 429, 432.

Before the question now preoccupying us was addressed to the respondent there had been testimony given by him that he was 19 years of age on December 31, A. D. 1957 when the crime alleged in this indictment was stated to have been committed. If he was truthful as to his age, then in 1954 the respondent could not have been convicted in Maine of larceny. R. S., 1954, c. 146, § 2, P. L., 1957, c. 112; *Wade* v. *Warden* (1950), 145 Me. 120, 126.

The prosecutor, however, possessed a certified copy of what purported to be an official record of a conviction of larceny of one Daniel Atwood Trask in the Superior Court in 1954. We cannot say that it was reprehensible for the prosecutor to have acted as he did. He had an onerous duty to discharge. Because of the appearance of the respondent the prosecutor may have been skeptical as to his age. For whatever consideration the circumstance may command here, there is no reason to ascribe any illicit motive to the State's attorney.

The question was not answered. The ostensible record was neither offered nor admitted. The presiding justice promptly warned the jury to "disregard any reference to records of conviction" and denied a motion for mistrial based upon the incident.

> "- - - But beyond this it may be advisable to point out that such a motion is addressed to the discretion of the presiding justice. - - - He is in contact with actual conditions, and peculiarly qualified to render a decision. Unless there is a clear abuse of such discretion, no exceptions lie to his ruling. - - -"

*State* v. *Rheaume* (1932), 131 Me. 260, 261.

The burden of proof as to such abuse rests upon the respondent. *State* v. *Hume* (1951), 146 Me. 129, 135. We cannot fairly say, here, that irrelevant or prejudicial matter was not successfully eradicated from the minds of the jurors by the ruling of the presiding justice and by his instruction to disregard.

Upon examination and consideration of the record we do not find any manifest wrong or injury resulted to the respondent. *State* v. *Cox* (1941), 138 Me. 151, 177. The jury was an oath bound tribunal of fact. We cannot presume it was "too ignorant to comprehend" or "too unmindful of their (its) duty to respect, instructions as to matters pe-

culiarly within the province of the court to determine."
*McCann* v. *Twitchell* (1917), 116 Me. 490, 493.

*Exceptions overruled.*

*Judgment for the State.*