**STATE of Maine**

v.

**David L. COOMBS.**

Supreme Judicial Court of Maine.

Feb. 5, 1976.

Joseph M. Jabar, Dist. Atty., David W. Crook, Robert Daviau, Asst. Dist. Attys., Augusta, for plaintiff.

C. J. & N. C. Bourget by Norman Bourget, Augusta, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD, and DELAHANTY, JJ.

ARCHIBALD, Justice.

The defendant was indicted, tried before a jury and convicted under an indictment founded on 17 M.R.S.A. § 3551,[1] charging that he "feloniously did receive and aid in concealing" previously stolen personal property valued at $100.00, knowing that the same was stolen. He has appealed. We deny the appeal.

The State introduced evidence, which was uncontradicted, that the home of Charles McKenzie in Augusta had been burglarized and the personal property described in this indictment stolen therefrom. Robert L. Gilbert admitted the larceny from the McKenzie home and testified that subsequently he sold and delivered this property to the appellant for $35.00, having previously told him that he had stolen the same and that it was "hot."

The defendant, on the other hand, denied ever having had any transaction with Mr. Gilbert. His testimony was supported by three witnesses.[2]

The first issue on appeal arises from the failure of the presiding Justice to grant the appellant's motion for a mistrial.

The record discloses the following:

"CROSS-EXAMINATION

BY MR. BARR:

Q Are you the same David L. Coombs who in September of 1958 was convicted of breaking, entering and larceny?

MR. BOURGET: Objection, your Honor.

THE COURT: What is the basis of your objection?

MR. BOURGET: I believe it was a juvenile offense, and I ask for a mistrial."

After a prolonged bench conference the Justice denied the motion, following which the jury was returned and given this instruction:

"THE COURT: Now Madam Forelady and Members of the Jury, before you left, you will recall a question was asked of this witness concerning whether or not something had happened back on September, 1958, that involved him. I remind you that the witness certainly never admitted that anything happened to him at all in any way. He never said he was involved in anything. And in fact, after the question was asked, his attorney objected to it and may have said something in connection with the objection.

Now, I'm going to ask you, I want to instruct you that you will completely disregard the question and anything or any inference you may have gotten from anything counsel may have said in connection with the objection.

[1]. 17 M.R.S.A. § 3551 provides:
   "Whoever buys, receives or aids in concealing stolen property, knowing it to be stolen, shall be punished:
   1. Value does not exceed $500. If the value thereof does not exceed $500, by a fine of not more than $500 or by imprisonment for not more than 6 months;
   2. Value exceeds $500. . . ."

[2]. The witnesses were a neighbor and two sisters, one of whom was living with the neighbor and the other with the appellant. The essence of their testimony was that one Gene MacArthur had come to the door of Coombs' trailer on the day the transaction was supposed to have occurred and asked permission to leave certain property in a barn nearby, and having been given this permission, he later returned and removed the property.

Now, I'm going to take a minute more on this. You remember the opening day of telling you why we have these Bench conferences that irritate Juries because they wonder whatever is going on down there. But, I am put in this position to tell you to disregard things. It's very hard to disregard things.

I also told you that day that sometimes things come out before we have a chance to see them coming, and I have to then impose upon your integrity . . . and I use that word 'integrity' because that's the one word that fits it . . . to follow the instruction to completely disregard what you heard. And this is something that you have to conscientiously do.

I know that each one of you, all twelve of you, are going to disregard that question completely. Nothing to do with this matter whatsoever. The question should not have been asked, and you are going to disregard it.

And I want to tell that to you right now so that you can do it right now."

During the bench conference it became clear that the unanswered question was improper in view of the provisions of 16 M. R.S.A. § 56.[3]

We also must note that the prosecutor did not observe the recommended procedure so carefully delineated in *State v. Toppi*, 275 A.2d 805 (Me.1971), since he did not present the proposed question preliminarily to the Justice presiding in order that he might pass on its admissibility. However, despite the impropriety of the question and the failure to observe the admonition in *State v. Toppi*, the basic issue in view of the corrective instruction quoted *supra* is whether the refusal to grant the motion for mistrial exceeded the bounds of judicial discretion.

■ The burden of proof on appeal to demonstrate such abuse rests upon the appellant. *State v. Hume*, 146 Me. 129, 78 A.2d 496 (1951). The record is devoid of any suggestion that the prosecutor acted in bad faith in asking the question or that he had an illicit motive in so doing.

■ The corrective instruction given by the Justice below was complete, objective and unambiguous. Supported by precedent, we can detect no error in the refusal to order a mistrial. The Justice below acted within the proper scope of his discretion. *State v. Hachey*, 278 A.2d 397 (Me.1971); *State v. Trask*, 155 Me. 24, 151 A.2d 280 (Me.1959).

Appellant's first point on appeal is without merit.

■ Appellant next argues that it was manifest error for the Justice to fail to caution the jury on the weight to be given the testimony of Gilbert since Gilbert was an accomplice. Admittedly, such an instruction was never requested, nor were there any objections noted following the jury instructions for the failure to do so. Under those circumstances our holding in *State v. Jewell*, 285 A.2d 847 (Me.1972), is dispositive, namely:

"While a defendant may be entitled to the cautionary charge when he requests that it be given [citation omitted], it is not error, let alone obvious error, for a trial judge to fail to give the warning comment where it has not been requested."

*Id.* at 852.

The entry is:

Appeal denied.

All Justices concurring.

---

3. "No person is incompetent to testify in any court or legal proceeding in consequence of having been convicted of an offense, but conviction of a felony, any larceny or any other crime involving moral turpitude may be shown to affect his credibility, provided that less than 15 years have transpired since said conviction and less than 10 years have transpired since termination of any incarceration period therefor." 16 M.R.S.A. § 56.