MATTHIAS SMITH *& ux. vs.* WILLIAM WYMAN *& ux.*

An instruction to the jury, on the trial of  an  action  of slander, — that the
  speaking of words importing a criminal offence might be considered as hav-
  ing been maliciously uttered,  unless it should be made  apparent that they
  were uttered otherwise, or that they were  true ; that this was for their con-
  sideration from the  evidence ; that the attempt to prove  the  truth of  the
  words, if without success, might be regarded as evidence of express and con-
  tinued malice ;  and that  it was not every act of  illicit intercourse on  the
  part of a female which would  authorize individuals to call  her a whore, —
  was held justifiable.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J.
presiding.

The action was slander, for words alleged to have been  spoken
by the Wife of *William Wyman* of *Clarissa Ratcliff,* while sole,

now the wife of *Matthias Smith*, the brother of *Mrs. Wyman*. The exceptions do not state what the pleadings were. In the declaration the following words were alleged to have been spoken. " You are a thief, a liar, and a whore, and I can prove it." The speaking of the words, and the frequent repetition of them was proved. The defendants proved that *Mrs. Wyman* said to *Clarissa*, " you have told me, that one *Mrs. Jones* had charged you with stealing," to which *Clarissa* replied, " I did not expect to hear this from you." The exceptions state, that " the defendants to show probable cause for believing that *Matthias* and *Clarissa* did not conduct as they should do, proved that *Clarissa* had a child in four months after she was married." The exceptions also state, " that the defendants to disprove malice and in mitigation of damages offered evidence of her general loose character for chastity, and proved by several witnesses, that she had when from ten to thirteen years of age lived in a house notoriously of ill fame, and that twice since she had lived as a hired girl at the same place for about a fortnight at each time ; also that *Clarissa* did tell *Mrs. Wyman*, that *Mrs. Jones* did accuse her of stealing ; and that *Mrs. Wyman* after all this had recommended her to her present husband as a very worthy girl. Upon this evidence it was contended, that there being probable ground for believing what *Mrs. Wyman* said about being in whoredom she should be excused ; also that it went to disprove malice and in mitigation of. damages ; and that it being true, that *Clarissa* did tell *Mrs. Wyman*, that *Mrs. Jones* charged her with stealing, this was a defence to this part of the action."

The Judge instructed the jury, that as the witnesses on both sides had testified to the speaking of the words, they might be considered as having been uttered as alleged ; that importing a criminal offence, they might be considered as maliciously uttered, unless it should be made apparent, that they were uttered otherwise, or that they were true ; that the jury would consider from the evidence, whether they were true, or had been proved to have been uttered otherwise than maliciously ; that the attempt here to prove the truth of the words, if without success, might be regarded as evidence of express and continuing malice ; and that it was not every act of illicit intercourse on the part of a female which would

Smith *v.* Wyman.

authorize individuals to call her a whore. The verdict was for the plaintiffs, and the defendants filed exceptions.

*Vose and Lancaster,* for the defendants, contended, that the ruling of the Judge was erroneous, and cited 1 *Johns. Cas.* 279; *Wharton's Dig.* 555, 556; 1 *Camp.* 48; 12 *Pick.* 163; 2 *Stark. Ev.* 369, *note* 1; 2 *Marsh. Kentucky R.* 372.

*E. Fuller and May,* argued for the plaintiffs, and contended, that the instruction of the Judge was correct, as applicable to the facts in the case. They cited *Jackson* v. *Stetson,* 15 *Mass. R.* 50; *Spaulding* v. *Alford,* 1 *Pick.* 33; *Wyman* v. *Hook,* 2 *Greenl.* 337; *Colley* v. *Merrill,* 6 *Greenl.* 50; *Commonwealth* v. *Stephens,* 14 *Pick.* 370; 3 *Pick.* 376; 3 *Mass. R.* 546; 1 *Pick.* 1; 14 *Mass. R.* 275; 8 *Wend.* 602; 13 *Johns. R.* 475; 3 *Pick.* 379; 1 *Fairf.* 224.

The case was continued for advisement, and the opinion of the Court was afterwards prepared by

EMERY J. — In this case, after the merits of the action of slander have been considered by a jury, with the utmost latitude of examination as to all subjects calculated to affect the character of one of the plaintiffs, from ten years of age, in qualifying the proof of malice and in mitigation of damages; exceptions are taken to the opinion of the court, that it was not every act of illicit intercourse on the part of a female which would authorize individuals to call her a whore. And that the attempt here to prove the truth of the words, if without success, might be regarded as evidence of express and continuing malice.

We think that the Judge upon the facts reported was justified in the instructions given. And the exceptions should be overruled.