## STATE *vs.* WILLIAM MORSE.

### Penobscot. Decided October 25, 1877.

#### *Witness.*

Evidence is not admissible to prove the general reputation of a witness to be bad.

ON EXCEPTIONS.

INDICTMENT for an assault on Marietta Snow with intent to commit a rape.

The respondent introduced testimony to prove that the reputation of said Marietta Snow for truth and veracity was bad. He also offered testimony to prove that her general reputation was bad. The presiding justice ruled that this testimony was inadmissible, and rejected it; but ruled that testimony might be received to show that her general reputation for chastity was bad, but none was introduced. The verdict was guilty; and the defendant alleged exceptions.

*D. Sanborn & A. Sanborn,* for the defendant.

*J. Hutchings,* county attorney, for the state.

APPLETON, C. J. The question presented by the exceptions is whether inquiries as to the character of a witness as affecting his testimonial trustworthiness are limited to his reputation for truth and veracity or whether they may be extended to his general reputation. In judicial proceedings the character of a witness for truth and veracity are primarily important. No particular crime or immorality can be proved against a witness. If it could be done, the issues might be as numerous as the witnesses; and the attention of the jury would be diverted from the consideration of the question submitted to their determination. Accordingly it has been held in this state that the general reputation of a witness is not a proper subject of inquiry for the purpose of impeaching his veracity. *Phillips* v. *Kingfield,* 19 Maine, 375, 378. *State* v. *Bruce,* 24 Maine, 71. So in Massachusetts, the question what is the reputation of a witness for integrity cannot be put for

the purpose of discrediting him, but only the question what is his general reputation for truth. *Quinsigamond Bank* v. *Hobbs*, 11 Gray, 250.

Nor was the evidence receivable to affect the character of the complainant upon whom the rape was charged to have been committed. Because a woman may have a bad reputation, it is no reason why an offense should be committed upon her person or why an offender committing it should escape with impunity. Such is the rule here. It was held not competent on an indictment for murder to prove that the deceased was well known to be a drunken, quarrelsome, savage and dangerous man. *State* v. *Field*, 14 Maine, 244. *Com.* v. *Hilliard*, 2 Gray, 294. *Com.* v. *Mead*, 12 Gray, 167, 168. The court, gave the defendant permission to introduce evidence that the complainant's character for chastity was bad, but none was offered. The defendant has no just ground of complaint. *State* v. *Forshner*, 43 N. H. 89. *State* v. *Knapp*, 45 N. H. 148.                    *Exceptions overruled.*

DICKERSON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.