STATE of Maine,

v.

Calvin L. WELLS a/k/a Calvin L. Wills.

Supreme Judicial Court of Maine.

Argued Sept. 12, 1980.

Decided Dec. 1, 1980.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, Michael McCarthy (orally), Law Student Intern, for plaintiff.

Ralph A. Dyer (orally), Ross A. Kimball, Portland, for defendant.

Before McKUSICK, C. J., GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ., and DUFRESNE, A. R. J.

DUFRESNE, Active Retired Justice.

The defendant appeals from his conviction of assault, a violation of 17–A M.R.S.A. § 207, entered in the Superior Court (Cumberland County) following a jury trial and verdict of guilty of said offense. At a previous hearing before a judge of the District Court (Portland), the defendant had encountered the same result. The defendant alleges error in the Superior Court's exclusion of the testimony of a character witness whom he sought to produce in his behalf. The ruling below was correct and we affirm the Superior Court conviction.

On September 6, 1979 the defendant was working as a clerk at a Stop–N–Go store in South Portland, when the alleged victim of the charged assault visited the establishment for the purpose of returning bottles and collecting the allowable refund. Two friends of the victim were at the market while the altercation took place. The defendant refused to accept the bottles and ordered the three minors to leave the premises. Asparas, the victim, argued with the defendant, who, in turn, called the police. A fight ensued between the two. The defendant contended at trial that he acted in self–defense, while Asparas claimed that the assault upon his person was unprovoked and wholly initiated by Wells. The two

eye–witness friends corroborated Asparas' version of the incident.

At trial, after the defendant had testified, defense counsel called one Ronald J. Cuda, a Stop–N–Go executive, as a witness. The State objected on the grounds that Mr. Cuda had not been listed as a witness and his name had not been brought to the attention of the jury on voir–dire, and, besides, Mr. Cuda's testimony would not be relevant.[1] Defense counsel responded by making the following offer of proof outside the hearing of the jury:

> Your Honor, I would like Mr. Cuda to testify; number 1, that he–his organization undertook an investigation of Mr. Wills [or Wells] before he hired him, that he was satisfied with the result of that investigation; they had no prior complaints of this guy's behavior, that [he] is the manager of the store, that he is trusted with $30,000 worth of assets and that as far as he has been informed, through other store employees, this young man has a good reputation.

Defense counsel argued that the evidence was admissible to prove the character of the defendant under Rule 405, M.R.Evid. The Court sustained the State's objection and the case was submitted to the jury on the defendant's testimony and that of the three minors, with the result as stated above.

The sole issue before this Court is whether Mr. Cuda's alleged character evidence was properly excluded. The defendant seeks to justify his claim of error on the ground that, being the accused on trial, he had "an unqualified right to submit character evidence concerning his disposition to intentionally or knowingly injure or attack another person."

■ We agree that, under the constitutional guarantee of a jury trial and of due process of law (Article I, §§ 6 and 6–A, Constitution of Maine), the defendant must be given a reasonable opportunity to present in his defense at trial material and relevant evidence having a bearing on the determination of guilt or innocence. But the defendant's constitutional right to a fair trial and to offer evidence of an exculpatory nature in the form of character evidence is not as absolute as the defendant insists. The constitutional right does not guarantee *unrestricted* admission in evidence of all type of character–reference material supportive of the accused, anymore than a defendant's constitutional right to confront and impeach the witnesses against him warrants unrestrictive admission in evidence of all material of an impeaching nature. See *State v. Brown*, Me., 321 A.2d 478, 485 (1974).

*Unqualified* admission of good or bad character for the purpose of proving an accused's disposition toward or against the perpetration of the crime charged, as such, has never received the approval of this Court. It was recognized that, under certain circumstances, several counterbalancing factors outweighed the probative value of the particular proffered character evidence; hence, courts generally viewed such evidence as inadmissible, except in specific instances.

The following considerations served to compel the imposition of judicial strictures upon the admissibility of character evidence in a criminal trial: 1) facts evidencing the defendant's bad character, when introduced by the State, would be likely to arouse the jury's emotions against the defendant with resulting undue hostility toward him, while evidence of good character presented by the defendant might infuse into the case an excess of sympathy in his favor; 2) such evidence, when viewed in the overall aspect of proof and disproof, has a tendency to create a side issue with resulting distraction and confusion among the members of the jury; 3) the likelihood of substantial extension of judicial time merely in the development of the issue, and 4) the risk of unfair surprise to either of the parties unprepared to meet a somewhat collateral issue. See *McCormick on Evidence*, 2nd Ed., § 185, pp. 439–440; *State v. Wyman*, Me., 270 A.2d 460, 463 (1970); *United States v. Giese*, 9th Cir., 597 F.2d 1170, 1189–90 (1979), quoting

---

1. Only the State's second ground of objection was argued in this appeal.

copiously from *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948).

On the other hand, when the character trait of truthfulness is involved, an additional underlying basis for judicial restrictions in the admission of such evidence found root in the fact that every witness, including the accused who testifies in his own behalf, is in law assumed to be of normal moral character for veracity. See *IV Wigmore on Evidence,* 3rd Ed., § 1104; *Homan v. United States,* 8th Cir., 279 F.2d 767, 772 (1960).

Through the years, this Court did develop a comprehensive scheme regulating in a reasonable way the admissibility of character evidence. And, effective February 2, 1976, the Maine Rules of Evidence were adopted, prescribed and promulgated, codifying the existing common law policy respecting the introduction at trial of character evidence. These rules of evidence established by the Supreme Judicial Court respecting the conduct of the civil and criminal business in our courts of justice, duly authorized by law and not repugnant thereto, have the force of law and are binding on the courts and the parties to the litigation. See *Cote v. State,* Me., 286 A.2d 868, 869 (1972).

As distinguished from the limited concept of a character trait for truthfulness within the impeachment rule (Rules 607–608–609, M.R.Evid.) which, when referring to a criminal defendant, relates solely to his credibility as a witness, character evidence, good or bad, is not admissible for the purpose of proving that the accused acted in conformity therewith on a particular occasion on the theory that his character was such as to make it unlikely that he would have committed the crime charged against him, except as provided in Rule 404, M.R. Evid.

Rule 404.

(a) *Character evidence generally.* Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) *Character of accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

\* \* \* \* \* \*

(b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.

We note immediately that the rule (Rule 404(b)) bars the introduction of specific acts of conduct in proof of character of the accused for the purpose of showing that he acted in conformity therewith at the time the crime charged against him was committed. This follows the majority rule. See *State v. Flaherty,* 128 Me. 141, 146 A. 7 (1929); *State v. Wyman,* supra, at 463; *State v. Eaton,* Me., 309 A.2d 334, 337 (1973); *United States v. Benedetto,* 2nd Cir., 571 F.2d 1246, 1249–50 (1978).

Rule 404 confines such character evidence to proof of a pertinent trait of the accused, which must be interpreted to mean such specific trait of his character, the existence or non–existence of which would be involved in the non–commission or commission of the particular crime charged, whether the evidence is offered by the accused or by the prosecution in rebuttal. *People v. Sexton,* 192 Colo. 81, 555 P.2d 1151, 1154 (1976); *State v. Blake,* 157 Conn. 99, 249 A.2d 232, 234 (1968); *People v. Wong,* 83 Cal.App.2d 60, 187 P.2d 828 (1948); *State v. Howland,* 157 Kan. 11, 138 P.2d 424 (1943); 1 Wharton's Criminal Evidence (13th Ed.) § 229; McCormick on Evidence (2nd Ed.) § 191, p. 455; 1 Wigmore, Evidence (3d Ed.) § 59, p. 458.

Under the rule, which codifies the common law practice, the prosecution is prohibited from introducing in its case–in–chief evidence of a pertinent trait of the accused's character for the purpose of proving that he acted in conformity therewith on a particular occasion; it may do so only to rebut such type of evidence, once it has

been introduced in the case by the accused. *State v. Wyman*, supra, at 463; *State v. Eaton*, supra, at 337.

Rule 405, M.R.Evid., then provides the method of proving character, when evidence of character or a trait of character of a person, including the accused, is admissible under Rule 404.

Rule 405. *Methods of proving character* (a) *Reputation.* In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation. On cross–examination, inquiry is allowed into relevant specific instances of conduct. (b) *Specific instances of conduct.* In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

Although couched in the permissive terminology of "proof may be made by testimony as to reputation," this rule effectively confines the proof to reputation evidence, except as otherwise provided therein. In the instant case, section (b) of the rule is not involved. Rule 405 of the federal rules of evidence provided additionally that proof of character or a trait of character may be made by testimony in the form of an opinion; failure of the Maine rule to allow, as does its federal counterpart, opinion testimony as an approved method of proving relevant character traits indicates conclusively that reputation evidence was intended to be the exclusive method of proving character or a trait of character. *State v. Arnold*, Me., 421 A.2d 932 (1980).

Limiting proof of character or trait of character to reputation evidence followed the existing Maine practice and the majority rule. *State v. Wyman*, supra, at 463; *State v. Eaton*, supra, at 337; *Poff v. State*, 3 Md.App. 289, 239 A.2d 121 (1968); *People v. Thornton*, 18 Ill.Dec. 734, 61 Ill.App.3d 530, 378 N.E.2d 198 (1978); *Commonwealth v. Roberts*, —— Mass. ——, 389 N.E.2d 989 (1979).

In connection with character evidence for truthfulness or untruthfulness, Rule 608 of the Maine Rules of Evidence also reflected the existing practice. It restricts such evidence to evidence of reputation and expressly prohibits the introduction of evidence of truthful character of a witness, including the accused who takes the stand in his own defense, unless the witness' character for truthfulness has been first attacked by reputation evidence or otherwise.[2]

Rule 608

(a) *Reputation evidence of character.* The credibility of a witness may be attacked or supported by evidence of reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by reputation evidence or otherwise.

(b) *Specific instances of conduct.* Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross–examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross–examined has testified.

See *State v. Lambert*, 104 Me. 394, 71 A. 1092 (1908); *State v. Morse*, 67 Me. 428 (1877).

 As a general rule, it is proper to impeach any witness, including a defendant in a criminal case, by evidence that his

---

**2.** Federal rule 608, like federal rule 405, permits an attack on credibility by means of proof in the form of opinion as well as in the form of reputation evidence, contrary to the provisions of Maine's corresponding regulations.

reputation for truth and veracity is bad, but evidence of a witness' good reputation for truth and veracity, even in the case of the criminal defendant who testifies in his own defense, cannot be admitted in the first instance until his reputation for truth has first been attacked as being bad. *People v. Griffith*, 14 Ill.Dec. 393, 56 Ill.App.3d 747, 372 N.E.2d 404 (1978); *State v. Frentz*, La., 354 So.2d 1007 (1978).

■ Furthermore, the authorities are nearly unanimous in holding that the mere fact that a witness' testimony is contradicted by opposing testimony does not warrant the introduction of evidence as to his reputation for truth and veracity. So, where a defendant in a criminal action elects to testify as a witness in his own behalf, and where his credibility is not attacked directly by character evidence for untruthfulness, but is merely placed in jeopardy by reason of the contradiction of his testimony from other witnesses in the case, evidence in support of the defendant's reputation for truth and veracity is not admissible. *Kirby v. State*, 250 Okl.Cr. 330, 220 P. 74, 78 (1923); *Homan v. United States*, 8th Cir., 279 F.2d 767, 772 (1960); *Stewart v. State*, 587 S.W.2d 148, 154 (Tex.Cr.App.1979); *United States v. Jackson*, 5th Cir., 588 F.2d 1046, 1055 (1979).

■ We do note that Rule 803(21) provides that reputation of a person's character among his associates or in the community is not to be excluded by the hearsay rule, even though the declarant is available as a witness. But this general rule should not be viewed as expanding the scope of the more specific rules 404, 405 and 608. See *State v. Willette*, Me., 402 A.2d 476, 479 (1979).

■ We have stated the rules which controlled at trial the admissibility vel non of Mr. Cuda's testimony. On appeal, Rule 103, M.R.Evid. provides that

[e]rror may not be predicated upon a ruling which ... excludes evidence unless a substantial right of the party is affected, and ... the substance of the evidence was made known to the court by

offer or was apparent from the context within which questions were asked.

We observe that the offer of proof did not articulate the specific pertinent trait of character which the defendant possessed and which he claimed was admissible as evidence for the jury's consideration. Whether the purpose was to show the defendant's good reputation for truthfulness to bolster his credibility as against that of the three minor prosecution witnesses, or to show that his reputation for being a person of peacefulness made it unlikely that he initiated an unprovoked assault, the offer of proof does not indicate, nor does it appear otherwise in this record. It would seem that the defendant did not adequately save the issue for appellate cognizance, and that the error, if error there was, must be viewed in the context of a review "for obvious error." See *State v. Sampson*, Me., 387 A.2d 213, 217 (1978).

■ The offer of proof, however, makes it clear that the defendant did not proffer evidence within the criteria set by rules 404, 405 or 608, M.R.Evid. and that there was no error in excluding Mr. Cuda's testimony.

Mr. Cuda's statement that he was satisfied with his organization's pre–employment investigative report which led to his hiring of the defendant as manager of the Stop–N–Go store, being of such generalized tenor, did not purport to show a specific pertinent trait of character of the defendant which, pursuant to Rule 404(a), M.R. Evid., would be relevant in the disproof of an accusation of the commission of an unprovoked assault. Furthermore, no part of the offer of proof was admissible to support the defendant's credibility, since his character for truth and veracity had not been under attack within the meaning of Rule 608, M.R.Evid.

Again, the generality of Mr. Cuda's proffered testimony to the effect that "they had no prior complaints of this guy's behavior" exemplifies an attempt by the defense, for the purpose of supporting the defendant's credibility, to prove specific instances of conduct by extrinsic evidence, contrary to Rule 608(b), M.R.Evid.

Evidence that the defendant was entrusted with the managership of the store, with assets in the thirty thousand dollar bracket, may have bearing on the trustworthiness of the defendant, but such trait of character, even if in reputation form, was not a pertinent trait of character involved in the charge of assault which Rule 404(a) requires.

Finally, Mr. Cuda's potential testimony to the effect that "as far as he has been informed, through other store employees, this young man has a good reputation," was also properly excluded. It could not be introduced to give the defendant more credibility, since no attack on the defendant's credibility had been mounted by the prosecution. It was not admissible as proof of the pertinent trait of peacefulness of character, since, even if such a purpose had been indicated in the offer of proof, Mr. Cuda's evidence did not purport to convey his personal opinion of the defendant's reputation among his associates or in the community, but merely would have furnished a hearsay report of the opinion of others respecting the defendant's reputation. The reputation witness must be testifying from personal knowledge on the subject of what the defendant's reputation for the pertinent trait of character involved is in the community to which the defendant belongs or among his associates. Failing such personal knowledge, Mr. Cuda's evidence was inadmissible hearsay under Rule 802, M.R.Evid. *State v. Frentz*, La., 354 So.2d 1007, 1011 (1978). See also *State v. Howard*, 117 Me. 69, 102 A. 743 (1918); *Warren v. Waterville Urban Renewal Authority*, Me., 235 A.2d 295, 303 (1967), cert. denied 390 U.S. 1006, 88 S.Ct. 1249, 20 L.Ed.2d 105.

The defendant's offer of proof did not meet any of the criteria which our rules of evidence require to make character evidence admissible.

There was no error in the exclusion of Mr. Cuda's testimony, and the entry will be:

Appeal denied.

Judgment of conviction affirmed.

All concurring.