**STATE of Maine**

v.

**Frank H. DOHERTY.**

Supreme Judicial Court of Maine.

Argued Nov. 2, 1981.

Decided Dec. 10, 1981.

Charles K. Leadbetter, James S. Erwin, Asst. Attys. Gen. (orally), Augusta, for plaintiff.

Steven C. Peterson (orally), Camden for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ.

CARTER, Justice.

The defendant, Frank H. Doherty, was convicted in the Superior Court of criminal assault, 17–A M.R.S.A. § 207,[1] following a jury trial.[2] Here, he appeals on the sole ground that the court improperly excluded evidence tending to show that he is a nonviolent person. We affirm the judgment.

At the time of the events giving rise to this action, the defendant was employed as a police officer in Camden. The parties do not dispute the fact that on July 18, 1980, he sprayed chemical mace in the face of the victim. At trial, the defendant attempted to demonstrate that he used the mace in self-defense and that the use of force was therefore justified under 17–A M.R.S.A. § 108(1).[3]

Further, the defendant offered as a witness John Farrell who would have described several potentially "explosive" incidents at a Camden Stop-N-Go grocery store, which the defendant had resolved without resort to violence. Farrell also would have testified that the defendant was reputed among "two or three" Stop-N-Go employees to be nonviolent. Relying on M.R.Evid. 405,[4] the court excluded Farrell's proffered testimony. The defendant asserts on this appeal that evidence of specific instances of the defendant's conduct is admissible under rule 405(b) because his character or trait of nonviolence or its converse is an "essential element" of the crime of the assault[5] and of the justification of self-defense,[6] and that evidence of the defendant's reputation among "two or three" persons is admissible under rule 405(a).

I.

■ As a predicate to the admissibility of evidence of specific instances of conduct, the character or character trait of the person must constitute an essential element of the charge, claim, or defense. M.R.Evid. 405(b). The Advisers' Note to rule 405 makes clear that evidence of specific instances of conduct is admissible under rule 405(b) "when character is actually in issue; that is, when character or a character trait is an operative fact which under the substantive law determines the legal rights of the parties." *Accord*, 2 *Weinstein's Evi-*

1. Section 207 reads in full:
   1. A person is guilty of assault if he intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another.
   2. Assault is a Class D crime.

2. The Superior Court action was commenced in Knox County where the defendant filed an appeal from a conviction entered in the District Court (Rockland). For the purpose of trial, venue was subsequently transferred to the Superior Court, Franklin County, to avoid any prejudice to the defendant resulting from the local publicity which this case attracted. M.R. Crim.P. 21.

3. Section 108(1) provides in full:
   1. A person is justified in using a reasonable degree of nondeadly force upon another person in order to defend himself or a 3rd person from what he reasonably believes to be the imminent use of unlawful, nondeadly force by such other person, and he may use a degree of such force which he reasonably believes to be necessary for such purpose. However, such force is not justifiable if:
   A. With a purpose to cause physical harm to another person, he provoked the use of unlawful, nondeadly force by such other person; or

B. He was the initial aggressor, unless after such aggression he withdraws from the encounter and effectively communicates to such other person his intent to do so, but the latter notwithstanding continues the use or threat of unlawful, nondeadly force; or
   C. The force involved was the product of a combat by agreement not authorized by law. Pursuant to 17–A M.R.S.A. § 101(3), the "use by the law enforcement officer . . . of chemical mace . . . is use of nondeadly force."

4. M.R.Evid. 405 provides in full:
   RULE 405. METHODS OF PROVING CHARACTER
   (a) Reputation. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation. On cross-examination, inquiry is allowable into relevant specific instances of conduct.
   (b) Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

5. *See* note 1 *supra.*

6. *See* note 3 *supra.*

dence ¶ 405[04] (1981), stating that character must be a "consequential fact" if character evidence is admissible under Fed.R. Evid. 405(b). That federal rule is identical to the Maine rule. Similarly, the Advisory Committee's Note to Fed.R.Evid. 405 states that evidence of specific instances of conduct "possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time. Consequently, the rule [405(b) ] confines the use of evidence of this kind to cases in which character is, *in the strict sense*, in issue and hence deserving of a searching inquiry." (Emphasis added.)[7]

■ Criminal responsibility for assault, as defined in 17–A M.R.S.A. § 207, is *not* predicated on proof of a violent character. Rather, guilt follows proof that the defendant intentionally, knowingly, or recklessly caused bodily injury or offensive physical contact to another *on a particular occasion.* Similarly, proof of a nonviolent character will not in itself make operative the § 108 justification. The defendant's need to defend himself or another from what he or she reasonably believes to be the victim's use of unlawful, nondeadly force *in that instance* must be shown. Clearly, under these circumstances, the court did not err in excluding evidence of the specific instances of the defendant's conduct.

## II.

■ When, as here, character is not in issue, the defendant may offer evidence of his character or a pertinent trait to prove that he acted in conformity therewith on a particular occasion. M.R.Evid. 404(a)(1).[8] For the purpose of this discussion, we will assume, as we have suggested in the past, that a defendant's reputation for nonviolence is pertinent in a criminal action for assault because proof of that trait tends to reduce the likelihood that he initiated an *unprovoked* assault. State v. Wells, Me., 423 A.2d 221, 226 (1980). We thus need only consider here whether the lower court erred in ruling that, under M.R.Evid. 405(a), the defendant could not prove his nonviolent reputation with evidence of an opinion held by two or three persons.

■ Rule 405(a) itself does not establish parameters as to the size of the group whose impression of the defendant's character is reported to the finder of fact by the witness. From the lack of such quantitative criteria in the rule, the defendant urges us to find admissible evidence of the defendant's reputation among only two or three people. We do not find this mode of construction persuasive.

A community composed of only two or three people is not sufficiently broad to insure that its collective judgment about the defendant's character is reliable. It is manifest that

> where the subject matter is one in which all or many of the members of the community have an opportunity of acquiring

---

**7.** A prominent example of "character in issue" is the defamation action where, to support the defense of truth, the defendant may prove that his or her allegedly defamatory communication accurately depicted the plaintiff's character. *Pierson v. Robert Griffin Investigations, Inc.*, 92 Nev. 605, 555 P.2d 843 (1976). *See also Smith v. Wyman*, 16 Me. 14 (1839). *See generally*, 2 *Weinstein's Evidence* ¶ 404[02] (1981); 1 *Wigmore on Evidence* §§ 70–81 (3d ed. 1940 and Supp.1981, Chadbourne rev.).

**8.** This rule embodies an exception to the basic proposition that reputation evidence is inadmissible as circumstantial evidence of the nature of a person's act. Several considerations support this general notion:

1) facts evidencing the defendant's bad character, when introduced by the State,

would be likely to arouse the jury's emotions against the defendant with resulting undue hostility toward him, while evidence of good character presented by the defendant might infuse into the case an excess of sympathy in his favor; 2) such evidence, when viewed in the overall aspect of proof and disproof, has a tendency to create a side issue with resulting distraction and confusion among the members of the jury; 3) the likelihood of substantial extension of judicial time merely in the development of the issue, and 4) the risk of unfair surprise to either of the parties unprepared to meet a somewhat collateral issue.

*State v. Wells*, Me., 423 A.2d 221, 223 (1980) (citations omitted).

information and have also an interest or motive to obtain such knowledge, there is likely to be a constant, active, and intelligent discussion and comparison that the resulting opinion, if a definite opinion does result, is likely to be fairly trustworthy.

5 *Wigmore on Evidence* § 1610 (3d ed. Chadbourne rev. 1974). The assurance that an opinion of another's character is reliable is sufficient for admissibility only when that opinion is held widely in a community of significant size. Recognizing this safeguard, courts of other jurisdictions have formulated the foundational criterion for such a determination of reliability in a number of ways. Each of these require that the community must be composed of more than several individuals. *See, e.g.*, *State v. Bouton*, 50 N.Y.2d 130, 140, 428 N.Y.S.2d 218, 223, 405 N.E.2d 699, 704 (1980) (requiring that the evidence "demonstrate a reputation rather than merely 'individual and independent dealings' "); *State v. Denny*, 294 N.C. 294, 295, 240 S.E.2d 437, 439 (1978) (requiring the reputation to be "held by an appreciable group of people"); *State v. Buckner*, 214 N.W.2d 164, 169 (Iowa 1974) (stating that "[t]he requirement that reputation testimony be based on comments from a cross-section of a community as opposed to a narrow group or class is intended to assure the reliability of the opinion . . ."). *See also United States v. Perry*, 643 F.2d 28, 52 (2nd Cir. 1981), upholding the exclusion of "reputation" evidence derived from the witness' conversations with several of the defendant's co-workers, the minister of the defendant's church, and a laundry proprietor, because the witness was ruled neither familiar with the defendant's reputation nor competent to "speak for the community"; *Caldwell v. State*, 276 Md. 612, 615, 349 A.2d 623, 627 (1976) (holding that, to be admissible, a rape complainant's reputation for chastity must be held "among any substantial community of persons"). The evidence offered here by the defendant is not derived from a group whose size constitutes an indicium of inherent reliability. It thereby fails to satisfy the requirement which constitutes the foundation for admissibility under rule 405(a).

M.R.Evid. 405(a), unlike Fed.R.Evid. 405(a), does not permit testimony as to reputation in the form of the witness' own opinion. The Advisors' Notes to M.R.Evid. 405 explain "that wholesale allowance of opinion testimony would turn a trial into a swearing contest between conflicting character witnesses." If the opinion held by two or three people were admissible as reputation, then the combatants in the swearing contest likely would be out-of-court declarants, thereby compounding the difficulties which the rule is designed to avoid. Thus, to preserve the evidentiary scheme established in M.R.Evid. 405(a), opinion of a person's character held by as few as two or three persons cannot be admitted under the provision.

The dangers associated with reputation evidence, when it is offered to prove that the person acted in conformity therewith on a particular occasion, *see* note 8 *supra*, mandate vigilance against its improper admission into evidence. Where, as here, the reliability of a group's collective judgment regarding the defendant's character is made suspect by the small size of that group, the exclusion of the reputation evidence is not an abuse of discretion. We therefore conclude that no error can be attributed to the lower court's exclusion of Farrell's testimony on the basis of rule 405(a).

The entry is:

Judgment of conviction affirmed.

All concurring.