STATE of Maine

v.

Mavel BRAGG.

Supreme Judicial Court of Maine.

Argued Sept. 11, 1986.
Decided Oct. 23, 1986.

John R. Atwood, Dist. Atty., David M. Spencer (orally), Asst. Dist. Atty., Wiscasset, for plaintiff.

Ronald L. Bishop (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Defendant Mavel Bragg appeals from a conviction of assault, 17–A M.R.S.A. § 207 (1983), after a jury trial in the Superior

Court (Lincoln County). Defendant argues on appeal that the presiding justice erred in excluding evidence of defendant's habits of temperance. We find no error and affirm the judgment.

The evidence may be briefly summarized as follows: On the evening of January 26, 1985, Allen and Barbara Meserve along with David and Sharon Dearborn travelled to Dresden to fish for smelt. They rented a fishing shack at Smith's Camps where defendant was working. After a few hours of fishing, a dispute arose. Defendant entered the shack carrying a beer bottle, and told the couples they were too loud and had to leave. As they walked off the ice, the dispute heightened, and defendant and a fellow employee knocked Mr. Meserve down and hit him in the head and upper body. At trial, defendant attempted to offer into evidence the testimony of his employer that defendant never drank while working. The presiding justice excluded the evidence on objection by the State. We conclude that the exclusion was proper.

Defendant incorrectly assumes that the excluded testimony was evidence of habit rather than evidence of character. The distinction between the two is aptly described by the commentators as follows:

> Character is a generalized description of one's disposition, or of one's disposition in respect to a general trait, such as honesty, temperance, or peacefulness. Habit describes one's regular response to a repeated situation so that doing the habitual act becomes semi-automatic. ... Intemperate 'habits' cannot be shown to prove drunkenness at a particular time. The same would be true of habits of sobriety to prove a party was not drunk at a given time.

Field & Murray, *Maine Evidence* §§ 406.1, 406.2 at 75–76 (1976). The evidence offered was not evidence of habit and was not admissible as character evidence. Under M.R.Evid. 404(a)(1), evidence of a pertinent trait of the character of the accused is admissible to show that he acted in conformity therewith on a particular occasion.

In this case, defendant's practice of temperance while working is hardly pertinent. None of the witnesses who were present during the fight testified that defendant appeared to have been drinking. On this record, the question of defendant's sobriety is not pertinent to the offense charged.

The remaining issues raised on appeal are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.