**STATE of Maine**

v.

**William BROWN.**

Supreme Judicial Court of Maine.

Argued April 30, 1991.

Decided May 31, 1991.

William R. Anderson, Dist. Atty., Greg N. Dorr (orally), Asst. Dist. Atty., Rockland, for the State.

Randall E. Watkinson (orally), Strout, Payson, Pellicani, Hokkanen, Strong & Levine, Rockland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

William Brown appeals from a judgment of conviction entered by the Superior Court (Knox County, *Silsby, J.*) following a jury trial finding Brown guilty of aggravated assault. 17–A M.R.S.A. § 208 (1983). Be-

cause we conclude that the court erroneously excluded evidence of Brown's reputation in the community for nonviolent behavior, we vacate Brown's conviction.

Brown was indicted for aggravated assault in connection with allegations that he set fire to his wife Janice. At trial, Janice testified that she and her husband had been drinking on the night of the alleged assault. She told the jury that, without provocation, her husband poured gasoline over her head as she sat listening to the radio in the kitchen of their Rockland home, and then set her on fire using a cigarette lighter. The emergency room physician who treated Janice testified that she suffered first and second degree burns on her face, back and arms.

According to Brown, the fire was an accident. Brown testified that he had gone through the kitchen to the shed to get kerosene to light the stove. As he passed his wife, she attempted to grab the kerosene can, spilling the contents on her hair and clothing.[1] Brown testified that Janice then sat down at the table and lit a cigarette thereby setting herself on fire. This story formed the basis of Brown's defense.

■ In support of his story, Brown sought to introduce evidence from two witnesses who, the offer of proof showed, would have testified about his reputation in the community for nonviolent behavior. Brown's attorney offered the testimony to demonstrate that the allegation of an unprovoked assault is inconsistent with Brown's character. The court excluded the proffered testimony stating:

> I don't see any trait of character involved here other than the standard mental culpable state of mind. It's just a straightforward case. There isn't any issue of

character involved. It's simply as I mentioned, the state of mind.

We agree with Brown's contention that the court committed reversible error in excluding this evidence.

Under the Maine Rules of Evidence, evidence of a "pertinent trait" of the character of the accused is admissible when offered by the accused to show that he acted in conformity therewith on a particular occasion. M.R.Evid. 404(a)(1);[2] *State v. Bragg*, 516 A.2d 556, 557 (Me.1986); *State v. Doherty*, 437 A.2d 876, 878 (Me.1981); *State v. Wells*, 423 A.2d 221, 224 (Me.1980); *State v. Arnold*, 421 A.2d 932, 937 (Me. 1980). A trait is pertinent if the existence or nonexistence of the trait would be involved in the commission or noncommission of the particular crime charged. *Wells*, 423 A.2d at 224. This court has indicated on several occasions that an accused's reputation for nonviolence is generally pertinent in a criminal action for assault because proof of that trait tends to reduce the likelihood that the defendant initiated an unprovoked assault. *Doherty*, 437 A.2d at 878; *Wells*, 423 A.2d at 224; *Arnold*, 421 A.2d at 937; Field & Murray, *Maine Evidence* § 404.2 at 109 (1987). Pursuant to Rule 404(a)(1), the accused has the right to introduce evidence of a pertinent trait of his character. The trial court, however, in its discretion, may limit the scope of the evidence by, for example, limiting the number of witnesses. 2 J. Weinstein & M. Berger, *Weinstein's Evidence* § 404[05] (1990).

■ The appropriate methods of proving good character are set forth in M.R.Evid. 405.[3] Pursuant to Rule 405(a), evidence admissible pursuant to Rule 404(a)(1) may be proved by testimony from witnesses fa-

---

**1.** The evidence presented at trial indicates that on the night of the alleged assault, the can usually used to store kerosene contained gasoline. Apparently, Brown did not know the contents had been changed.

**2.** M.R.Evid. 404(a)(1) provides:

> **(a) Character Evidence Generally.** Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
> (1) *Character of Accused.* Evidence of a pertinent trait of his character offered by the

accused, or by the prosecution to rebut the same.

**3.** M.R.Evid. 405 provides:

> METHODS OF PROVING CHARACTER
> **(a) Reputation.** In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation. On cross-examination, inquiry is allowable into relevant specific instances of conduct.
> **(b) Specific Instances of Conduct.** In cases in which character or a trait of character of a

miliar with the accused's reputation[4] in the community or communities in which he is known. *See Wells*, 423 A.2d at 227; *Arnold*, 421 A.2d at 938; 5 Wigmore *Evidence* § 1608–11. Unlike M.R.Evid. 405(b), M.R.Evid 405(a) contains no language limiting the use of reputation evidence to cases in which character is an essential element of the charge. Thus, reputation testimony is admissible when offered by the accused pursuant to Rules 404(a)(1) and 405(a), even if the trait of character is not an essential element in the case.[5]

 Brown's offer of proof was entirely consistent with Rules 404(a)(1) and 405(a). Contrary to the trial court's ruling, a criminal defendant may establish a trait of character by reputation testimony if that trait is "pertinent." The trait need not be an essential element to the charge. Because this is a criminal assault case, Brown's reputation for nonviolence is pertinent. *See Doherty*, 437 A.2d at 878; 1 Wigmore, *Evidence* § 56 (3d ed. 1940). Although we review a trial court's decision to exclude evidence proffered pursuant to Rules 404(a)(1) and 405(a) for abuse of discretion, *Doherty*, 437 A.2d at 879, the trial court never properly exercised its discretion here. There was no attempt to assess the reliability of the witnesses by testing their knowledge of Brown's reputation for nonviolence or by determining whether their knowledge was representative of the community at large rather than a few individuals. Nor can the court's decision to exclude the testimony be characterized as an attempt to limit the scope of the evidence because the court's ruling effectively excluded all character evidence tending to show that the behavior charged in the indictment is inconsistent with Brown's reputation in the community. Because evidence of Brown's reputation for nonviolence tends to reduce the likelihood that he initiated an unprovoked assault, it cannot be said that the court's error in excluding all such evidence was harmless. The court committed reversible error and Brown is entitled to a new trial.

Additional issues raised by Brown on appeal are without merit and we decline to address them.

The entry is:

Judgment vacated.

All concurring.

---

person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

4. M.R.Evid. 405(a) is different from its counterpart in the Federal Rules of Evidence which allows character evidence to be proved either by reputation or opinion testimony. *See State v. Woodburn*, 559 A.2d 343, 347 (Me.1989) (Hornby, J., dissenting); Field & Murray, *Maine Evidence* § 405.1 at 115.

5. When the accused seeks, as Brown does here, to introduce reputation evidence to establish a character trait that is inconsistent with the offense charged, the court may test the trustworthiness of the proffered evidence by requiring that the witnesses be aware of the defendant's reputation for that specific character trait and not simply aware of his good reputation in general. *Wells*, 423 A.2d at 227. The court may also seek to insure that the witnesses' knowledge of the defendant's character trait is representative of the community's collective judgment and not merely the judgment of a few individuals. *Doherty*, 437 A.2d at 879; *see also* 5 Wigmore, *Evidence* § 1612–14. In some situations, the court may further insure that the reputation testimony is contemporaneous with the act charged. *See* 5 Wigmore, *Evidence* § 1617–18.